

SEAN D. FLAHERTY  (SBN:  272598)
sflaherty@grsm.com
HANNAH E. BROWN  (SBN:  311158)
hbrown@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 230-7473
Facsimile:  (619) 696-7124

Attorneys for Defendants
U.S. FIGURE SKATING, ALEXA
KNIERIM, AND BRANDON FRAZIER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN, ARON M. MARDEROSIAN, <br><br> Plaintiffs, <br><br> vs. <br><br> COMCAST CORPORATION, NBC UNIVERSAL MEDIA LLC, PEACOCK, USA NETWORK, ALEXA KNIERIM, BRANDON FRAZIER, U.S. FIGURE SKATING, and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO.  8:22-cv-00255-CJC-DFM <br><br> **DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> Complaint Filed:  February 17, 2022 <br> FAC Filed: April 27, 2022 |

Defendants Alexa Knierim, Brandon Frazier, and U.S. Figure Skating ("USFS") (hereinafter collectively "Answering Defendants") answer Plaintiffs' First Amended Complaint as follows:

## **PRELIMINARY STATEMENT**

1.     Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Plaintiffs' copyright of the musical sound recording entitled "House of the Rising Sun" (hereinafter "Sound Recording" and/or "Track") *and Plaintiffs' copyright of the composition/arrangement of the separate and original introduction to the Track.*

-1-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**RESPONSE:**    Answering Defendants deny the allegations of this paragraph.

2.    By way of brief background, Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are two brothers who have worked together for almost 30 years to develop their business, Plaintiff TWELVE SIXTY LLC, which provides custom recordings and productions of original musical compositions for use in television, motion pictures, film trailers, film soundtracks, product commercials and video games. Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are musical artists and performers, professionally known as "Heavy Young Heathens." As the Heavy Young Heathens, the Plaintiffs have written and recorded music for many premiere entertainment clients including major movie studios, networks and advertisers around the world.

**RESPONSE:**    Answering Defendants lack knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

3.    Among *the* many commercial uses of Plaintiffs' musical recordings, Plaintiffs have had their work featured in television and theatrical motion pictures such as The Simpsons, CSI, Lucifer, Big Sky, The Righteous Gemstones, Shameless, Rules Don't Apply, Masterminds, Halloween, and Supermensch, as well as prominent trailers for motion pictures including The Magnificent Seven, Deadpool, The Amazing Spider-Man 2, and The Expendables.

**RESPONSE:**    Answering Defendants lack knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

4.    Plaintiffs' music has *also* been used in numerous commercials for Starbucks, Chrysler, Dodge, Ford, Bacardi, Adidas and Red Bull.

**RESPONSE:**    Answering Defendants lack knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

5.    Plaintiffs arranged and produced the Sound Recording of the musical composition "House of the Rising Sun," a traditional song, *but have done it in a*

-2-

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

*most unique and creative way, which has created significant popularity, demand, and licensing value for the subject Sound Recording. In this regard, the Introduction to the Sound Recording was composed, arranged and produced entirely by the Plaintiffs. No other version of the song known as "House of the Rising Sun" has a similar introduction. As a result, the Sound Recording is in fact two separate songs joined together. This musical feature is material to the exploitations at issue. Further, as a result of this feature, there are two separate Copyright Certificates of Registration at issue: one for the Sound Recording and the other for the introduction which was originally composed. Both registrations are in the name of Plaintiff ARON M MARDEROSIAN and Plaintiff ROBERT J. MARDEROSIAN as "Author." The copyright registration for the composition of the introduction identifies Plaintiff TWELVE SIXTY LLC as "Copyright Claimant".* See Exhibit A attached hereto.

**RESPONSE:**    Answering Defendants admit that Plaintiffs have attached what appears to be the cited registration as Exhibit A to the Complaint. Answering Defendants admit that Exhibit A lists Aron Michael Marderosian and Robert Jacob Marderosian as "Author". Answering Defendants deny that Exhibit A lists Twelve Sixty LLC as "Copyright Claimant." Answering Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

6.    Recognizing Plaintiffs' popularity, talent and goodwill, and in a brazen and improper effort to capitalize on Plaintiffs' hard work, creativity and copyright ownership of their Sound Recording of "House of the Rising Sun," *including its introduction, Defendants have, without permission, authority or license, used, edited, publicized and broadcast the work numerous times domestically (within the United States) and internationally (outside of the United States), which were then televised and promoted within the United States. Defendants knew that the performances including both the domestic and the*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*international performances would be broadcast throughout the world including within the United States and knew that these broadcasts would be distributed and made available to viewers on various platforms including, but not limited to, subscription television, streaming applications, and social media platforms without permission, authorization or proper license from Plaintiffs.*

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph. Answering Defendants lack knowledge or information sufficient to form a belief regarding the allegations of this paragraph that pertain to other Defendants.

7.     Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs. Defendants *must* not be permitted to continue to exploit Plaintiffs' Sound Recording in order to broadcast and *promote* themselves or their products to the public without Plaintiffs' authorization. Defendants' conduct must immediately be stopped and/or enjoined and Plaintiffs must be compensated for each of Defendants' willful acts of infringement.

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph.

## JURISDICTION AND VENUE

8.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

**RESPONSE:**     Answering Defendants admit the allegations of this paragraph.

9.     This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1338 and 1367.

///

///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT

1  **RESPONSE:**    Answering Defendants admit the Court has subject

2  matter jurisdiction over this matter and Answering Defendants deny any

3  allegations of infringement.

4      10.    This Court has personal jurisdiction over Defendants because, among

5  other things:

6      a.    Defendants COMCAST CORPORATION ("COMCAST"),

7  NBC UNIVERSAL MEDIA LLC ("NBC"), USA NETWORK ("USA"); and

8  PEACOCK *(collectively referred to hereinafter as the "Broadcast Defendants")*

9  are all doing business in the State of California *including* within this judicial

10  district by providing television/cable broadcasts and internet access to their

11  broadcasts and programs through streaming services provided to California

12  residents, *including those who reside within this judicial district*, who pay for

13  subscription streaming services, thereby allowing California residents the ability to

14  access, at any time, the Defendants' programing and broadcasts.

15      b.    Defendant U.S. FIGURE SKATING does business in this

16  district by staging and hosting figure skating events *throughout the state of*

17  California including within this *judicial* district.

18      c.    *On information and belief, Defendant ALEXA KNIERIM*

19  *resides in the city of Irvine within Orange County in the State of California.*

20      d.    *On information and belief, Defendant BRANDON FRAZIER*

21  *resides in the city of Irvine within Orange County in the State of California.*

22  **RESPONSE:**    Answering Defendants admit subparts (b)-(d) and do not

23  object to the Court's personal jurisdiction over them for this proceeding only but

24  deny the remaining allegations of this paragraph. Answering Defendants lack

25  knowledge or information sufficient to form a belief regarding the allegations of

26  subparts (a) of this paragraph that pertain to other Defendants.

27      11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and

28  (c), and/or § 1400(a).

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT

1  **RESPONSE:**      Answering Defendants do not object to venue in this

2  district but deny the remaining allegations of this paragraph.

3  ## THE PARTIES

4  12.    Plaintiff TWELVE SIXTY LLC ("hereinafter referred to as

5  "TWELVE SIXTY") is, and at all times relevant hereto was, a California Limited

6  Liability company doing business in the County of Los Angeles County, State of

7  California.

8  **RESPONSE:**      Answering Defendants lack knowledge or information

9  sufficient to form a belief regarding the allegations of this paragraph.

10  13.    Plaintiff ARON M. MARDEROSIAN is an individual who resides

11  and works in the County of Los Angeles in the State of California.

12  **RESPONSE:**      Answering Defendants lack knowledge or information

13  sufficient to form a belief regarding the allegations of this paragraph.

14  14.    Plaintiff ROBERT J. MARDEROSIAN is an individual who resides

15  and works in the County of Los Angeles in the State of California.

16  **RESPONSE:**      Answering Defendants lack knowledge or information

17  sufficient to form a belief regarding the allegations of this paragraph.

18  15.    Defendant COMCAST CORPORATION ("COMCAST") is an

19  American multinational telecommunications conglomerate headquartered in

20  Philadelphia, Pennsylvania with its corporate address at1701 JFK Boulevard,

21  Philadelphia, PA. It is the second-largest broadcasting and cable television

22  company in the world by revenue, the largest pay-TV company, the largest cable

23  TV company and largest home Internet service provider in the United States, and

24  the nation's third-largest home telephone service provider.

25  **RESPONSE:**      Answering Defendants lack knowledge or information

26  sufficient to form a belief regarding the allegations of this paragraph.

27  16.    Defendant NBC UNIVERSAL MEDIA LLC ("NBC") is an American

28  multinational mass media and entertainment conglomerate corporation owned by

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

-6-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  Comcast and headquartered at 30 Rockefeller Plaza in Midtown Manhattan, New

2  York, with an additional major office near Los Angeles at 10 Universal City Plaza,

3  Universal City, California.

4       **RESPONSE:**     Answering Defendants lack knowledge or information

5  sufficient to form a belief regarding the allegations of this paragraph.

6       17.     Defendant USA NETWORK ("USA") is an American basic cable

7  channel owned by Defendant NBC and is a streaming division of Defendant

8  COMCAST's NBC through NBC Universal Cable Entertainment.

9       **RESPONSE:**     Answering Defendants lack knowledge or information

10  sufficient to form a belief regarding the allegations of this paragraph.

11       18.     Defendant PEACOCK is an American over-the-top video streaming

12  service owned and operated by the television and streaming division of Defendant

13  NBC, a subsidiary of Defendant COMCAST.

14       **RESPONSE:**     Answering Defendants lack knowledge or information

15  sufficient to form a belief regarding the allegations of this paragraph.

16       19.     Defendant BRANDON FRAZIER is an American Olympic pair figure

17  skater and is the partner of Defendant ALEXA KNIERIM. He is a member of

18  *Defendant UNITED STATES FIGURE SKATING* and "Team USA".

19       **RESPONSE:**     Answering Defendants Admit the allegations of this

20  paragraph.

21       20.     Defendant ALEXA KNIERIM is an American Olympic pair figure

22  skater pair and is the partner of Defendant BRANDON FRAZIER. She is a

23  member of *Defendant UNITED STATES FIGURE SKATING* and "Team USA".

24       **RESPONSE:**     Answering Defendants Admit the allegations of this

25  paragraph.

26       21.     Defendant UNITED STATES FIGURE SKATING ("USFS") is the

27  national governing body for the sport of figure skating in the United States. USFS

28  is the governing body for Team USA of which Defendants KNIERIM and

1   FRAIZER are members. USFS promotes interest and participation in the sport by

2   assisting member clubs, skaters, and athletes, appointing officials, organizing

3   competitions, exhibitions, and other figure skating pursuits, and offering a wide

4   variety of programs. USFS further hosts live events in California in cities such as

5   Anaheim, San Jose and Vacaville. USFS's headquarters is 20 First Street,

6   Colorado Springs, Colorado.

7        **RESPONSE:**        Answering Defendants Frazier and Knierim admit that

8   they are members of US Figure Skating and Team USA, but lack knowledge or

9   information sufficient to form a belief regarding the remaining allegations of this

10  paragraph. Answering Defendant USFS admits that it is the national governing

11  body for the sport of figure skating in the United States and that Frazier and

12  Knierim are members of USFS. USFS denies that it is the governing body for

13  Team USA for purposes of the Olympic Games. USFS admits that it promotes

14  interest and participation in the sport by assisting member clubs, skaters, and

15  athletes, appointing officials, organizing competitions, exhibitions, and other figure

16  skating pursuits, and offers a wide variety of programs. USFS admits that it has

17  hosted live events in California in cities including Anaheim and San Jose in the

18  past. USFS currently lacks knowledge or information sufficient to form a belief

19  regarding whether it has hosted live events in Vacaville. USFS admits that its

20  headquarters is 20 First Street, Colorado Springs, Colorado.

21        22.    The true names and capacities, whether individual, corporate,

22  associate, or otherwise, of Defendants sued herein as Does 1-10, are unknown to

23  Plaintiffs, who therefore sue said Defendants by such fictitious names ("Doe

24  Defendant"). Plaintiffs will seek leave of Court to amend this Complaint to state

25  their true names and capacities when they have been ascertained. Plaintiffs are

26  informed and believe and on that basis allege that the Doe Defendants are liable to

27  Plaintiffs as a result of their participation in all or some of the acts hereinafter set

28  forth.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    **RESPONSE:**        Answering Defendants lack knowledge or information

2   sufficient to form a belief regarding the allegations of this paragraph.

3        23.    On information and belief, the Defendants and each of them, were the

4   agents, partners, employees, affiliates and/or engaged in a joint venture with each

5   of the remaining Defendants, and were at all times acting within the purpose of

6   said agency and employment, and each Defendant has ratified and approved the

7   acts of its agents.

8    **RESPONSE:**        Answering Defendants deny the allegations of this

9   paragraph.

10                              <u>**GENERAL ALLEGATIONS**</u>

11       24.    Plaintiffs are the creators and owners of the Sound Recording "House

12  of the Rising Sun." *In addition*, Plaintiffs own all rights and title to *an introduction*

13  *before the sound recording "House of the Rising Sun" as creators and owners.*

14  *The infringed upon compositions at issue in this litigation are the original*

15  *introduction composed and created by Plaintiffs followed by the Sound Recording.*

16   **RESPONSE:**        Answering Defendants lack knowledge or information

17  sufficient to form a belief regarding the allegations of this paragraph. Answering

18  Defendants deny all allegations of infringement.

19       25.    Plaintiffs filed an application for copyright registration with the

20  United States Copyright Office for the musical sound recording of the "House of

21  the Rising Sun". *They also filed a separate application for copyright registration*

22  *for the composition of the introduction. True and correct copies of* the registrations

23  are attached hereto as Exhibit A.

24   **RESPONSE:**        Answering Defendants admit that Plaintiffs have attached

25  what appear to be the cited registrations as Exhibit A to the Complaint. Answering

26  Defendants lack knowledge or information sufficient to form a belief regarding the

27  remaining allegations of this paragraph.

28  *///*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

26.     *At all times herein, Defendant UNITED STATES FIGURE SKATING,
was and is "the national governing body for the sport of figure skating in the
United States." See https://www.usfigureskating.org/about. In addition, according
to the USFS website, "U.S. Figure Skating is a member of the International
Skating Union (ISU), the international federation for figure skating; and the
United States Olympic & Paralympic Committee (USOPC)."*

**RESPONSE:**     Defendant USFS admits the allegations in this paragraph.
Defendants Knierim and Frazier lack knowledge or information sufficient to form
a belief regarding the allegations of this paragraph.

27.     At all times herein, Defendants KNIERIM and FRAIZER *were
members of the United States Figure Skating team and subject to the rules
established by them and the (ISU)*. In 2021 and 2022, *Defendants KNIERIM and
FRAIZER used, without permission, a license, or any authority whatsoever,
Plaintiffs.' Sound Recording and composition in their skating performances for
numerous public events including, but not limited to:*

      *a.*     *2021 Cranberry Cup International held in Norwood, MA;*

      *b.*     *2021 Skate America held in Las Vegas, NV;*

      *c.*     *2021 Internationaux de France held in Grenoble France;*

      *d.*      *2021 SP Golden Spin held in Zagreb, Croatia;*

      *e.*     *2021 Olympic Winter Games held in Beijing, China (NBC
broadcast announcers added commentary to figure skating events from Stamford,
Connecticut); and*

      *f.*     *2022 ISU World Championships held in Montpellier, France.*

**RESPONSE:**     Answering Defendants admit that Frazier and Knierim
were members of USFS in 2021 and 2022. Answering Defendants also admit that
Frazier and Knierim competed in each of the events listed in (a)-(f) of this
paragraph. However, Answering Defendants currently lack knowledge or
information sufficient to form a belief regarding whether Plaintiffs actually own

the copyright(s) in the sound recording and composition as they have defined those terms in the First Amended Complaint, or whether the copyrighted works actually correspond to the music that played in the background during any of Knierim and Frazier's performances, and therefore Answering Defendants deny the remainder of the allegations of this paragraph. Moreover, Answering Defendants Frazier and Knierim currently lack knowledge or information sufficient to form a belief regarding the specific times or events in which they were subject to either USFS or ISU rules, or both.

28.     *Defendants KNIERIM and FRAZIER were fully aware of their obligations to obtain clearance and/or authorization for any music they intended to use and, on information and belief, had to declare before skating in any event that the music they were using had "been fully cleared and authorized for public use and television and other media exhibition broadcast and re-broadcast throughout the world without further clearance or payments of any kind on the part of the ISU, the Organizing Member, the Organizing Committee or the relevant television network or broadcaster."*

**RESPONSE:**     Answering Defendants Frazier and Knierim state that to the extent either of them had obligations to observe or declarations to be made prior to skating in any event, if any, that they did observe such obligations and truthfully made such declarations. Answering Defendants Frazier and Knierim lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

Answering Defendant USFS currently lacks knowledge or information sufficient to form a belief regarding the truth of the allegation, particularly with regard to Frazier and Knierim's subjective mental states regarding any obligations they had to observe or declarations they had to make prior to skating in any event.

29.     At all times herein, Defendants COMCAST, NBC, USA Network and PEACOCK were and are the exclusive source of and had control over all media

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

distribution *and broadcasting of USFS and ISU events. In this regard, the USFS website announced "two major media rights agreements" that would "guarantee unprecedented coverage of figure skating in the United States through the 2026 season":*

> *The first was an eight-year extension of its broadcast rights agreement with NBC, and the second was icenetwork's acquisition of all U.S. media rights for International Skating Union (ISU) events through the 2025-26 season. Through 2026, NBC Sports will present an unprecedented 80-plus hours of coverage, including 30-plus hours of figure skating coverage on NBC, with an additional 50-plus hours airing on other NBC Universal networks.*
>
> *Additionally, USFS launched the "Figure Skating Pass" on NBC Sports Gold, NBC Sports Digital's direct-to-consumer live streaming product, giving fans access to live and on-demand domestic and international figure skating competition beginning with the 2018-19 season. For the 2020-21 season, figure skating moved to NBC's Peacock Premium.*
>
> *The ISU agreement with icenetwork, LLC, a wholly-owned subsidiary of USFS, covers multiple distribution platforms and guarantees live coverage of ISU events, including the World Figure Skating Championships, the Four Continents Championships and the Grand Prix of Figure Skating Series on Peacock Premium, as well as television coverage on NBC, NBC Sports Network and the Olympic Channel: Home of Team USA.*

**RESPONSE:**      Answering Defendant USFS denies that Defendants COMCAST, NBC, USA Network and PEACOCK were and are the exclusive source of and had control over all media distribution and broadcasting of USFS and ISU events. Answering Defendant USFS admits that the quoted passage is taken from its website.

Answering Defendants Frazier and Knierim lack knowledge or information sufficient to form a belief regarding the truth of the allegation.

30.      In or around February 2022, it came to Plaintiffs' attention that the Defendants, without any notice whatsoever to Plaintiffs, had infringed upon Plaintiffs' copyright(s) and used the Infringed Composition and Sound Recording

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   without Plaintiffs' authorization or license for use in Defendants KNIERIM and

2   FRAIZER'S *pair figure skating programs that were initially performed*

3   *domestically in the United States and then outside of the United States (see*

4   *Paragraph No. 27). Each of the aforementioned performances were promoted,*

5   *broadcast, and rebroadcast by the Defendant Broadcasters on their television*

6   *channels and other media platforms within the United States without Plaintiffs'*

7   *authority or license. These broadcasts included edits that were different from the*

8   *actual live broadcasts.*

9       **RESPONSE:**       Answering Defendants lack knowledge or information

10  sufficient to form a belief regarding the truth of Plaintiffs' discovery of their

11  alleged claims and deny all remaining allegations regarding infringement asserted

12  against them. Answering Defendants lack knowledge or information sufficient to

13  form a belief regarding the allegations of this paragraph that pertain to other

14  Defendants.

15      31.   *At no point prior to any of these uses or broadcasts, were Plaintiffs*

16  *ever contacted by either Defendants KNIERIM or FRAZIER, their coaches or*

17  *choreographers, USFS or Team USA, or the Broadcast Defendants about licensing*

18  *Plaintiffs' copyrighted track. In addition, once Plaintiffs discovered these*

19  *unauthorized uses of their copyrights, they immediately issued a written "cease*

20  *and desist" to KNIERIM and FRAZER through their agent which was ignored.*

21  *Further, in what could only be considered willful, KNIERIM and FRAZER*

22  *continued to use Plaintiffs' Sound Recording without Plaintiffs' authority or*

23  *license. Defendants' willful disregard of Plaintiffs' copyrights continued even after*

24  *the subject lawsuit was filed.*

25      **RESPONSE:**       Answering Defendants admit they had not "contacted"

26  Plaintiffs prior to the skating performances of Defendants Knierim and Frazier.

27  However, Answering Defendants lack knowledge or information sufficient to form

28  a belief regarding whether any third parties contacted Plaintiffs at any point.

-13-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  Answering Defendants lack knowledge or information sufficient to form a belief

2  regarding Plaintiffs' discovery or knowledge of the alleged events and therefore

3  also lack knowledge or information sufficient to form a belief regarding when

4  Plaintiffs issued a "written 'cease and desist'" relative to Plaintiffs' alleged

5  discovery. Answering Defendants deny that any efforts by Plaintiffs to

6  communicate to or with a sports agent amounts to sending a "cease and desist" to

7  Answering Defendants.  Answering Defendants deny allegations of infringement,

8  willfulness, and willful disregard. Answering Defendants lack knowledge or

9  information sufficient to form a belief regarding the allegations of this paragraph

10 that pertain to other Defendants.

11     32.    Further, while all other Olympic short program routines provided an

12 on-screen chyron of the song title and artist(s) who perform the song, Plaintiffs

13 were deprived of such when the on-screen information for the KNIERIM and

14 FRAZIER performance simply stated "House of The Rising Sun" with no mention

15 of Plaintiffs whatsoever.

16     **RESPONSE:**       Answering Defendants lack knowledge or information

17 sufficient to form a belief regarding the allegations of this paragraph as they

18 pertain to other Defendants.

19     33.    These violations *have caused and will continue* to cause significant

20 harm to the value of Plaintiffs' command for such a well-known piece of their

21 recording catalog and insults the integrity of their professional reputation. While

22 Defendants are all profiting from the revenue the 2022 Winter Olympics generate,

23 Plaintiffs have been and continue to be deprived of what their creation "House of

24 the Rising Sun" earns them per license.

25     **RESPONSE:**       Answering Defendants deny the allegations of this

26 paragraph.

27     34.    Defendants did not have any license, authorization, permission or

28 consent to use the Infringed Composition.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    **RESPONSE:**    Answering Defendants lack knowledge or information

2    sufficient to form a belief regarding the allegations of this paragraph, as it does not

3    distinguish between various Defendants. To the extent that the allegations are

4    directed at the Answering Defendants, they are denied.

5    ### ***FIRST CAUSE OF ACTION***

6    **COPYRIGHT INFRINGEMENT**

7    **(17 U.S.C. §§ 106, 501, 504)**

8    ***(Against all Defendants)***

9    35.    Plaintiffs incorporate herein by this reference each and every

10    allegation contained in paragraphs 1 through 34, inclusive as though fully set forth

11    herein.

12    **RESPONSE:**    Answering Defendants repeat, incorporate, and re-allege

13    their responses to the foregoing paragraphs as though fully set forth herein.

14    36.    Defendants conspired with one another and/or with their agents,

15    subsidiaries and affiliates to wrongfully exploit Plaintiffs' Sound Recording

16    "House of the Rising Sun" without having to fairly or properly compensate

17    Plaintiffs for the exploitation.

18    **RESPONSE:**    Answering Defendants deny the allegations of this

19    paragraph.

20    37.    Defendants authorized, understood, and enabled one another to exploit

21    Plaintiffs' track without paying Plaintiffs any money for this exploitation.

22    **RESPONSE:**    Answering Defendants deny the allegations of this

23    paragraph.

24    38.    On information and belief, Defendants have benefitted from the illegal

25    exploitation of Plaintiffs' song which was not authorized or permitted.

26    **RESPONSE:**    Answering Defendants deny the allegations of this

27    paragraph.

28    ///

39.    Defendants have not paid Plaintiffs any money whatsoever for these exploitations of their song and Plaintiffs have been significantly damaged as a result of this scheme between Defendants and their co-conspirators.

**RESPONSE:**        Answering Defendants lack knowledge or information sufficient to form a belief regarding the allegations of this paragraph regarding any payment to Plaintiffs. Answering Defendants deny the allegations as to Plaintiffs' damages and any conspiratorial scheme between Defendants.

40.    Through their conduct alleged herein, Defendants have infringed Plaintiffs' copyright of the Infringed Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

41.    As a direct and proximate result of the infringement by Defendants, and each of them, Plaintiffs are entitled to damages in an amount to be proven at trial.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

42.    As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and, on that basis, allege that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringement conduct.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S ANSWER TO FIRST AMENDED COMPLAINT

43.     Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

44.     Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

45.     Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

45.     The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

**RESPONSE:**        Answering Defendants deny the allegations of this paragraph.

## *SECOND CAUSE OF ACTION*

### *CONTRIBUTORY COPYRIGHT INFRINGEMENT*

#### *(Against all Defendants)*

46.     *Plaintiffs repeat, reallege, refer to, and herein incorporate by reference as if set out in full Paragraphs 1 through 45 as set forth above.*

**RESPONSE:**        Answering Defendants repeat, incorporate, and re-allege their responses to the foregoing paragraphs as though fully set forth herein.

47.     *Defendants KNIERIM or FRAZIER, and each of them, were aware that they and the other Defendants were infringing the Plaintiffs' Sound Recording.*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    **RESPONSE:**        Answering Defendants deny the allegations of this

2    paragraph.

3        48.    *Defendants KNIERIM or FRAZIER materially contributed to and*

4    *inducted [sic] Defendants' infringing activity by using Plaintiffs' work despite*

5    *knowing they had not obtained a valid license to do so and by affirmatively*

6    *representing that they had the right to do so.*

7        **RESPONSE:**        Answering Defendants Frazier and Knierim deny the

8    allegations of this paragraph.  Answering Defendant USFS lacks knowledge or

9    information sufficient to form a belief about the truth of the allegation.

10        49.    *By reason of Defendants KNIERIM or FRAZIER's use of the*

11    *Plaintiffs' work without a proper license, the Broadcast Defendants promoted,*

12    *broadcast and re-broadcast of Defendants KNIERIM/FRAZIER's unlawful use of*

13    *Plaintiffs' Sound Recording.*

14        **RESPONSE:**        Answering Defendants Frazier and Knierim deny the

15    allegations of this paragraph.  Answering Defendant USFS lacks knowledge or

16    information sufficient to form a belief about the truth of the allegation.

17        50.    *Because of the Defendants' illegal use of the Plaintiffs' Sound*

18    *Recording, the Plaintiffs have suffered damages in an amount to be proven at trial.*

19        **RESPONSE:**        Answering Defendants deny the allegations of this

20    paragraph.

21        51.    *By reason of Defendants KNIERIM or FRAZIER's use of the*

22    *Plaintiffs' Sound Recording without a proper license and the Defendants'*

23    *broadcast and re-broadcast of the Defendants KNIERIM/FRAZIER's use of*

24    *Plaintiff's Sound Recording, the Defendants have obtained profits they would not*

25    *have otherwise realized but for their contribution to the infringing activities*

26    *described in this Complaint.*

27    ///

28    ///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph.

52.    *Pursuant to the Copyright Act, Plaintiffs are entitled to recovery of their actual damages and disgorgement of Defendants' profits attributable to their infringements of Plaintiffs' work in an amount to be proven at trial.*

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph.

53.    *Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each act of copyright infringement.*

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph.

54.    *Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.*

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph.

55.    *The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.*

**RESPONSE:**     Answering Defendants deny the allegations of this paragraph.

### ***THIRD CAUSE OF ACTION***
### ***VICARIOUS COPYRIGHT INFRINGEMENT***
### *(Against Defendant U.S. FIGURE SKATING)*

56.    *Plaintiffs repeat, reallege, refer to, and herein incorporate by reference as if set out in full Paragraphs 1 through 55 set forth above.*

**RESPONSE:**     Answering Defendants repeat, incorporate, and re-allege their responses to the foregoing paragraphs as though fully set forth herein.

///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

57.    *Plaintiffs are informed and believe and thereon allege that Defendant USFS knowingly induced, participated in, aided and abetted in, and resultantly profited from the illegal use, promotion, broadcast, and re-broadcast of Defendants of Plaintiff's Sound Recording by Defendants KNIERIM/FRAZIER's unlawful use.*

**RESPONSE:**    Answering Defendant USFS denies the allegations of this paragraph. Answering Defendants Frazier and Knierim deny infringement but lack knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph that pertain to other Defendants.

58.    *Plaintiffs are informed and believe and thereon allege that Defendant USFS is vicariously liable for the infringements alleged herein because it had the right and ability to supervise Defendants KNIERIM/FRAZIER's unlawful use infringing conduct and because it had a direct financial interest in the infringing conduct.*

**RESPONSE:**    Answering Defendant USFS denies the allegations of this paragraph. Answering Defendants Frazier and Knierim deny infringement but lack knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph that pertain to other Defendants.

59.    *By reason of Defendants KNIERIM/FRAZIER's unlawful use of Plaintiffs' Sound Recording and Defendants vicarious liability for Defendants KNIERIM/FRAZIER's conduct, Plaintiffs are entitled to recovery of its actual damages and disgorgement of Defendants ' profits attributable to their infringements of Plaintiffs' work in an amount to be proven at trial.*

**RESPONSE:**    Answering Defendants deny the allegations of this paragraph.

60.    *Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.*

*///*

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S ANSWER TO FIRST AMENDED COMPLAINT

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    **RESPONSE:**         Answering Defendants deny the allegations of this

2    paragraph.

3    61.    *Plaintiffs further are entitled to their attorneys' fees and costs*

4    *pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.*

5    **RESPONSE:**         Answering Defendants deny the allegations of this

6    paragraph.

7    62.    *The conduct of Defendants as described herein is willful, wanton,*

8    *malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive*

9    *damages.*

10    **RESPONSE:**         Answering Defendants deny the allegations of this

11    paragraph.

### *FOURTH CAUSE OF ACTION*

### *VICARIOUS COPYRIGHT INFRINGEMENT*

### *(Against Broadcast Defendants)*

15    63.    Plaintiffs repeat, reallege, refer to, and herein incorporate by reference

16    as if set out in full Paragraphs 1 through 62 as set forth above.

17    **RESPONSE:**         Answering Defendants repeat, incorporate, and re-allege

18    their responses to the foregoing paragraphs as though fully set forth herein.

19    64.    *Plaintiffs are informed and believe and thereon allege that*

20    *Defendants, and each of them, knowingly induced, participated in, aided and*

21    *abetted in and resultantly profited from the illegal promotion, broadcast, and re-*

22    *broadcast of Defendants KNIERIM/FRAZIER's unlawful use of Plaintiffs ' Sound*

23    *Recording.*

24    **RESPONSE:**         Answering Defendants lack knowledge or information

25    sufficient to form a belief regarding the allegations of this paragraph that pertain to

26    other Defendants. Although this allegation is not directed against Answering

27    Defendants and they need not respond, to the extent necessary, Answering

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT

1    Defendants deny infringement.

2        65.    *Plaintiffs are informed and believe and thereon allege that the*

3    *Broadcast Defendants are vicariously liable for the infringements alleged herein*

4    *because each of them had the right and ability to supervise the infringing conduct*

5    *and because each of them had a direct financial interest in the infringing conduct.*

6        **RESPONSE:**        Answering Defendants lack knowledge or information

7    sufficient to form a belief regarding the allegations of this paragraph that pertain to

8    other Defendants. Although this allegation is not directed against Answering

9    Defendants and they need not respond, to the extent necessary, Answering

10   Defendants deny infringement.

11       66.    *By reason of Defendants KNIERIM/FRAZIER 's unlawful use of*

12   *Plaintiffs' Sound Recording and Defendants vicarious liability for Defendants*

13   *KNIERIM/FRAZIER's conduct, Plaintiffs are entitled to recovery of their actual*

14   *damages and disgorgement of Defendants ' profits attributable to their*

15   *infringements of Plaintiffs' work in an amount to be proven at trial.*

16       **RESPONSE:**        Answering Defendants lack knowledge or information

17   sufficient to form a belief regarding the allegations of this paragraph that pertain to

18   other Defendants. Although this allegation is not directed against Answering

19   Defendants and they need not respond, to the extent necessary, Answering

20   Defendants deny the allegations of this paragraph.

21       67.    *Alternatively, Plaintiffs are entitled to maximum statutory damages*

22   *pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.*

23       **RESPONSE:**        Answering Defendants lack knowledge or information

24   sufficient to form a belief regarding the allegations of this paragraph that pertain to

25   other Defendants. Although this allegation is not directed against Answering

26   Defendants and they need not respond, to the extent necessary, Answering

27   Defendants deny the allegations of this paragraph.

28   ///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT

1    68.   *Plaintiffs further are entitled to their attorneys' fees and costs*

2    *pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.*

3    **RESPONSE:**      Answering Defendants lack knowledge or information

4    sufficient to form a belief regarding the allegations of this paragraph that pertain to

5    other Defendants. Although this allegation is not directed against Answering

6    Defendants and they need not respond, to the extent necessary, Answering

7    Defendants deny the allegations of this paragraph.

8    69.   *The conduct of Defendants as described herein is willful, wanton,*

9    *malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive*

10   *damages.*

11   **RESPONSE:**      Answering Defendants lack knowledge or information

12   sufficient to form a belief regarding the allegations of this paragraph that pertain to

13   other Defendants. Although this allegation is not directed against Answering

14   Defendants and they need not respond, to the extent necessary, Answering

15   Defendants deny the allegations of this paragraph.

16                         **PRAYER FOR RELIEF**

17       Answering Defendants deny the allegations of Plaintiffs' Prayer for Relief,

18   including denying that Plaintiffs are entitled to any relief whatsoever. Answering

19   Defendants request the Court deny all relief to Plaintiffs and enter judgment in

20   Answering Defendants' favor instead.

21                       **DEMAND FOR JURY TRIAL**

22       Answering Defendants do not object to Plaintiffs' request for a trial by jury

23   on all issues so triable, in accordance with Federal Rule of Civil Procedure 38.

24   ///

25   ///

26   ///

27   ///

28   ///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## AFFIRMATIVE DEFENSES

Answering Defendants assert and interpose the following affirmative defenses in response to the allegations in Plaintiffs' First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and for which the law imposes the burden on Answering Defendants, regardless of how such defenses are denominated. Answering Defendants expressly reserve the right to add additional affirmative defenses, and to assert other defenses, which become known through investigation, discovery, or other proceedings, in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendants, either by themselves or with others, did not copy constituent original elements, if any, of Plaintiffs' purported copyrighted work(s).

## THIRD AFFIRMATIVE DEFENSE

The works that Plaintiffs' claim have been infringed are not entitled to copyright protection because the works are in the public domain and/or do not constitute copyrightable subject matter.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *scènes à faire*.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendants acted in good faith, have not infringed, and acted without any intent to infringe Plaintiffs' purported copyrighted work(s).

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants' use, if any, constitutes fair use of Plaintiffs' purported copyrighted works.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' copyrights, including any registrations therein, are invalid because they claim material originally developed by persons other than Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs attempt to misuse their copyright, if any, to secure an exclusive right or monopoly not granted by the Copyright Office.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by reason of Plaintiffs' failure to join an indispensable or necessary party.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have sustained no loss or damages as a result of Answering Defendants' alleged conduct.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate the damages, if any, that they have allegedly suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE

Persons and individuals, other than Answering Defendants, were careless and negligent in and about the matters alleged and that said carelessness and negligence on their part proximately contributed to and/or caused Plaintiffs' damages, if any, and that should Plaintiffs recover any damages, Answering Defendants are entitled to have such damages reduced or eliminated to the extent that third parties caused or contributed to such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting and/or prevailing on its claims because Plaintiffs have unreasonably delayed in bringing this action and by its conduct, the reliance upon which has prejudiced Answering Defendants.

///

///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state facts sufficient to permit recovery of punitive, enhanced or exemplary damages against Answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state facts sufficient to permit recovery of attorneys' fees against Answering Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to properly mark its alleged copyrighted material and failed to give Answering Defendants written notice.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If and to the extent Plaintiffs' work(s) was/were infringed, Answering Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiffs' rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Plaintiffs should be correspondingly reduced.

## NINETEENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part due to Plaintiffs' implied or express license and/or authorization to incorporate the works into the alleged infringing products.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs failed to timely register its copyrights such that they are precluded from seeking statutory damages and/or attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any purported damages sought by the Plaintiffs in the form of Answering Defendants' profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringing works, not the entirety of Answering Defendants' profit from the alleged infringing products.

///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' purported copyrights and registrations are invalid, properly subject to invalidation, void, and/or unenforceable based upon deficiencies, for which further investigation or discovery is likely to provide evidentiary support, as follows: (a) the registrations for the purported copyrights contain material that is not original and/or is not protectable as a matter of law; (b) the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiffs; (c) the registrations for the purported copyrights contain materials in the public domain; (d) the registrations were not properly obtained and/or do not provide protection for the works identified in the Complaint; and/or (e) the registrations for the purported copyrights consist of common elements; (f) the registration(s) failed to disclaim material previously claimed in other copyrighted works; (g) the registration(s) include errors known to Plaintiffs that if disclosed to the Copyright Office, would have caused the Copyright Office to deny registration.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendants deny copyright infringement and deny the alleged infringement is substantially similar to Plaintiffs' works, but if there was any use of the works, any alleged use of any protectable expression of ideas from the works are, at most, *de minimis* and therefore not actionable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have "unclean hands" with respect to the matters alleged in the Complaint and, therefore, are barred from maintaining said Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of acquiescence, waiver, laches, or estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants assert their right to equitable indemnification against other third party(s) who are legally responsible for any valid claims asserted by Plaintiffs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have abandoned any and all rights they may have or had to the works and/or copyrights that are the subject of this litigation.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs, or one of them, lack standing to assert the claims in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' fraud on the Copyright Office in the application for registration by misstating authorship, ownership, and/or making incorrect deposits or statements regarding publication and/or contents of what was published and what were new to those published works.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the fact that the alleged infringing actions do not infringe the purported copyrights referenced in the Complaint because, among other things, the purported copyrights and/or elements thereof, are not original works of authorship, and there is no substantial similarity between them and the alleged infringing actions.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements for their request for injunctive relief and have an adequate remedy at law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in that they seek excessive damages from Answering Defendants that would result in Plaintiffs' unjust enrichment.

-28-

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The allegations of infringement alleged in the Complaint took place outside of the United States.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants reserve all defenses under the Federal Rules of Civil Procedure, the copyright laws of the United States, and any other defenses, at law or equity, that may now exist or in the future will be available based on discovery, investigation, or analysis in this case.

Dated:  May 11, 2022

GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ Sean D. Flaherty*
Sean D. Flaherty
Hannah E. Brown
Attorney for Defendants
U.S. FIGURE SKATING, ALEXA KNIERIM, and BRANDON FRAZIER

DEFENDANTS' U.S. FIGURE SKATING, ALEXA KNIERIM, AND BRANDON FRAZIER'S
ANSWER TO FIRST AMENDED COMPLAINT