Michael G. Marderosian (SBN 77296)
Heather S. Cohen (SBN 263093)
MARDEROSIAN & COHEN
1200 Truxtun Avenue, Suite 130
Bakersfield, CA 93301
Telephone:  (559) 441-7991
Facsimile:  (559) 441-8170

*Attorneys for Plaintiffs*
TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN, ARON M. MARDEROSIAN

DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LAUREN J. FRIED (SBN. 309005)
lfried@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
COMCAST CORPORATION, NBC UNIVERSAL MEDIA LLC, PEACOCK, and USA NETWORK

SEAN D. FLAHERTY (SBN 272598)
sflaherty@grsm.com
HANNAH E. BROWN (SBN 311158)
hbrown@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants
U.S. FIGURE SKATING, ALEXA KNIERIM, and BRANDON FRAZIER

22400901.1231389-10009

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| TWELVE SIXTY LLC,<br>ROBERT J. MARDEROSIAN,<br>ARON M. MARDEROSIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION; NBC UNIVERSAL MEDIA LLC; PEACOCK; USA NETWORK, ALEXA KNIERIM, BRANDON FRAZIER, U.S. FIGURE SKATING, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 8:22-CV-00255 CJC (DFMx)<br><br>**JOINT DISCOVERY REPORT** |

The Parties in the above-entitled action submit this JOINT DISCOVERY REPORT pursuant to F.R.Civ.P. 26(f) and the United States District Court for the Central District of California, Civil Local Rule 26-1, and this Court's Notice of Intent filed on May 12, 2022 under Docket No. 25.

## 1. JURISDICTION AND SERVICE

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1338 and 1367. There are no issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

## 2. FACTS/STATEMENT OF THE CASE

Plaintiffs:

Plaintiffs are the creators and owners of the Sound Recording "House of the Rising Sun." In addition, Plaintiffs own all rights and title to an introduction before the sound recording "House of the Rising Sun" as creators and owners. The infringed upon compositions at issue in this litigation are the original introduction composed and created by Plaintiffs followed by the Sound Recording. Plaintiffs filed an application for copyright registration with the United States Copyright Office for the musical sound recording of the "House of the Rising Sun". They also filed a separate application for copyright registration for the composition of the introduction.

Defendants KNIERIM and FRAIZER were members of Defendant UNITED STATES FIGURE SKATING ("USFS"), the national governing body for the sport of figure skating in the United States and a member of the International Skating Union (ISU). In 2021 and 2022, Defendants KNIERIM and FRAIZER used, without permission, a license, or any authority whatsoever, Plaintiffs' Sound Recording and composition in their skating performances for numerous public events. Defendants KNIERIM and FRAZIER were fully aware of their obligations to obtain clearance and/or authorization for any music they intended to use and, on information and belief, had to declare before skating in any event that the music they were using had "been fully cleared and authorized for public use and television and other media exhibition broadcast and re-broadcast throughout the world without further clearance or payments of any kind on the part of the ISU, the Organizing Member, the Organizing Committee or the relevant television network or broadcaster."

Defendants COMCAST, NBC, USA Network and PEACOCK were and are the exclusive source of and had control over all media distribution and broadcasting of USFS and ISU events.

  Defendants did not have any license, authorization, permission or consent to use the Infringed Composition.

<u>Defendants COMCAST CORPORATION, NBC UNIVERSAL MEDIA LLC, PEACOCK and USA NETWORK ("Broadcast Defendants"):</u>

  The United States Olympic figure skating team of Alexa Knierim and Brandon Frazier created a routine that was accompanied by the traditional folk song, *House of the Rising Sun* ("HOTRS"). The version of HOTRS that the skaters used for their routine was recorded by musicians Aron and Rob Marderosian. The Marderosians claim that, although HOTRS is in the public domain, their arrangement of the song is subject to copyright protection. The Marderosians have registered copyrights in their arrangement, and in the sound recording, they created for HOTRS.

  The figure skating duo defendants performed in the Winter Olympics in Beijing this February, winning the silver medal for the U.S. in the team competition, and taking sixth place in the individual pairs competition. They performed their routine again a few weeks later, in Montpelier, France, securing the gold medal for the U.S. at the World Figure Skating Championships for the first time in 43 years. The skaters used the Marderosians' version of HOTRS for both of these competitions.

  Defendants Comcast, NBCUniversal, Peacock and USA Networks (the "Broadcast Defendants") were licensed to broadcast the 2022 Winter Olympics and the World Figure Skating Championships. The Broadcast Defendants do not choose the music used by skaters and were not aware of any issues relating to the use of this music when they entered into these license agreements. These competitive sporting events, particularly the Olympics, involve hundreds of hours of coverage involving different sports, cities, and arenas. As Plaintiffs' concede, the Broadcast Defendants simply aired the athletic performances that took place at these international competitions, and were not aware of Plaintiffs' claims until <u>after</u> the skating defendants had already performed their long-practiced routine in the team competition at the Olympics.

During the Olympics, and before the skating defendants' individual pairs performance, the Broadcast Defendants learned secondhand of Plaintiffs' claims, and immediately took measures to address Plaintiffs' concerns, including by providing attribution in the on-screen "chyron" when the figure skaters performed in the individual pairs competition. Moreover, the Broadcast Defendants aired that performance only once, and highlights that were placed on other platforms, such as Twitter, were shown without the music that had been played in the Olympic skating arena.

Thereafter, the Broadcast Defendants advised Plaintiffs that the World Figure Skating Championships were imminent, and that they anticipated that the figure skating defendants would, again, be performing their routine at that event. The Broadcast Defendants advised Plaintiffs that the skaters' March performance would be shown live from the World Figure Skating Championships, and that they would provide attribution to the Plaintiffs, which they did, when the event took place. As with the individual pairs performance at the Olympics, the Broadcast Defendants exhibited the Knierim and Frazier World Championship performance only once, and did not use the music played in the arena in any subsequent highlights.

<u>Defendants U.S. FIGURE SKATING, ALEXA KNIERIM and BRANDON FRAZIER ("Skating Defendants"):</u>

Skating Defendants contend that as to them, Plaintiffs will be unable to demonstrate the unlawful use of copyrighted works. Defendants Knierim and Frazier's acts of figure skating do not form bases for liability under the Copyright Act. And, as the national governing body for the sport, U.S. Figure Skating's alleged role is similarly tenuous. The Copyright Act does not envision liability resulting from a 501(c)(3) non-profit organization's effort to nurture and grow the sport of figure skating. U.S. Figure Skating is not in the business of music creation or distribution. Rather, its mission is "to provide

programs to encourage participation and achievement in the sport of figure skating on ice."

As a result, Plaintiffs will be unable to form claims for direct, vicarious, or contributory copyright infringement for a number of reasons, including that use of the music – if any – was fair. Moreover, Plaintiffs are improperly attempting through this suit to claim infringement for occurrences outside of the United States, which is beyond the jurisdiction of the Copyright Act.

**3.    LEGAL ISSUES**

<u>Plaintiffs</u>:

Plaintiffs allege that Defendants conspired with one another and/or with their agents, subsidiaries and affiliates to wrongfully exploit Plaintiffs' Sound Recording "House of the Rising Sun" without having to fairly or properly compensate Plaintiffs for the exploitation. Defendants authorized, understood, and enabled one another to exploit Plaintiffs' track without paying Plaintiffs any money for this exploitation to which Defendants have benefitted.  Through their conduct alleged herein, Defendants have infringed Plaintiffs' copyright of the Infringed Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501 and as such, Plaintiffs are entitled to damages. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.  Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law. Additionally, the conduct of Defendants is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

Defendants COMCAST CORPORATION, NBC UNIVERSAL MEDIA LLC, PEACOCK and USA NETWORK ("Broadcast Defendants"):

Plaintiffs are not entitled to a finding of infringement or damages under the Copyright Act against the Broadcast Defendants. Section 106 of the Copyright Act (Title 17 of the United States Code), sets forth the exclusive rights of the copyright owner of a copyrighted work. There are two pertinent exceptions to the copyright owners' exclusive rights to reproduce the composition and/or recording. These are the ephemeral recording exception contained in §112 of the Copyright Act, and the fair use doctrine, which has been codified in §107 of the Copyright Act.

The ephemeral use exception was designed to preclude any claim from being asserted against a broadcaster. It applies to this exact scenario. The Broadcast Defendants did not select the music at issue, which was played during an athletic competition and they possess a valid license to broadcast the Winter Olympics and the World Figure Skating Championships. Taken together, the Broadcast Defendants have no liability to Plaintiffs.

Moreover, the alleged use of the track would qualify as fair use under 17 U.S.C. §107. The Broadcast Defendants were reporting the news and only utilized what was necessary to show a newsworthy event. Further, the use was transformed by adding commentary, a skating routine, and titles. The use was of minor import to the visual skating performance. Finally, the effect on the market was to Plaintiffs' financial benefit. They obtained free advertising.

Based on Ninth Circuit law, Plaintiffs will also be unable to show willful infringement by the Broadcast Defendants. 17 U.S.C. §504(c)(2). Finally, there are no damages here.

Defendants U.S. FIGURE SKATING, ALEXA KNIERIM and BRANDON FRAZIER ("Skating Defendants"):

Skating Defendants anticipate that the key legal issues at this time include whether Plaintiffs can establish the validity and ownership of their alleged copyrights over a song in the public domain, the existence of infringement, and resulting damages, including willfulness. Given Plaintiffs' allegations regarding vicarious and contributory infringement, including the contention that all parties conspired with one another to infringe Plaintiffs' rights, this case is likely to deal with issues of agency and authority.

## 4. MOTIONS

Plaintiffs:

There are no prior or pending motions. Plaintiffs reserve the right to file motion to compel as may become necessary during the course of discovery of this matter and a motion for summary judgment or partial summary judgment.

Broadcast Defendants:

The Broadcast Defendants do not have any motions currently pending. However, they reserve all rights to file a summary judgment motion as well as any discovery motions that become necessary during this litigation.

Skating Defendants:

Skating Defendants anticipate filing a motion for summary judgment or partial summary judgment. Skating Defendants are unaware at this time as to whether they will need to file any discovery motions, but reserve the right to do so.

## 5. AMENDMENT OF PLEADINGS

Plaintiffs:

The Plaintiffs filed a First Amended Complaint on April 27, 2022 under Docket No. 21. Plaintiffs do not anticipate any other amendments will be necessary; however, they reserve their right to do so as may become necessary during the course of this litigation.

Broadcast Defendants:

The Broadcast Defendants answered the First Amended Complaint on May 11, 2022. The Broadcast Defendants do not anticipant amending the answer, however, they reserve all rights to do so.

Skating Defendants:

Skating Defendants have not filed any amended pleadings and do not anticipate any amendments at this time.

**6.     DISCLOSURES**

Plaintiffs:

The Parties have not yet made their initial disclosures pursuant to Fed. R. Civ. P. 26. However, the Parties will do so in a timely manner pursuant the discovery schedule set forth below.

Defendants:

Defendants have not yet made their initial disclosures pursuant to Fed. R. Civ. P. 26. However, they will do so in a timely manner pursuant the Court ordered deadlines.

**7.     DISCOVERY**

The Parties have exchanged initial written discovery.  Responses are due at the end of July 2022.

Plaintiffs:

Plaintiffs propounded initial sets of interrogatories and requests for production of documents and are in the process of trying to schedule the depositions of the Parties, lay witnesses and expert witnesses.

Broadcast Defendants:

The Broadcast Defendants have served requests for production and interrogatories, and anticipate propounding additional written discovery and taking the depositions of the Parties, lay witnesses and expert witnesses.

Skating Defendants:

Skating Defendants have served requests for production and interrogatories, and anticipate propounding further written discovery as needed, as well as taking the depositions of the Parties, lay witnesses and expert witnesses. Skating Defendants are unsure at this time whether they expect to issue third-party subpoenas under Rule 45.

Understanding that Plaintiffs have proposed a December 2021 fact discovery cutoff with a May 2023 trial, while the Broadcast Defendants have proposed a June 2023 fact discovery cutoff with an October 2023 trial, the Skating Defendants content that a realistic schedule is more in line with the Broadcast Defendants' proposal for trial. However, the Skating Defendants' proposed schedule varies from both Plaintiffs' and Broadcast Defendants because the Skating Defendants contend that an effective schedule permits the conclusion of fact discovery before the conclusion of expert discovery while additionally providing sufficient time to file and consider dispositive motions before motions in limine and the final pretrial conference.

The Court has requested the parties "provide the specific reasons for their selection of a particular discovery cutoff date." (ECF No. 25.) Skating Defendants' therefore contend that a scheduling order setting the fact discovery cutoff 29 weeks before the final pretrial conference, the expert discovery cutoff 19 weeks before the final pretrial conference, and the deadline to file dispositive motions 17 weeks before the final pretrial conference, would provide the most orderly and effective framework. Skating Defendants therefore propose February 24, 2023 for fact discovery, and May 5, 2023 for expert discovery.

## 8. CLASS ACTIONS

This is not a class action matter.

## 9. RELATED CASES

The Parties are not aware of any related cases or proceedings.

## 10. RELIEF

<u>Plaintiffs</u>:

Plaintiffs request the following relief:

1. For damages in such amount as may be found, or as otherwise permitted by law;

2. For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to their infringements of Plaintiffs' copyright of the Infringed Composition;

3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition;

4. For actual copyright infringement damages and Defendant's profits or statutory damages in an amount to be determined at trial;

5. For interest on the above-requested damages and profits at the maximum legal rate as provided by law;

6. For prejudgment interest according to law;

7. For Plaintiffs' attorneys' fees, costs, and disbursements in this action;

8. For punitive damages; and

9. For such other and further relief as the Court may deem just and proper.

Broadcast Defendants:

The Broadcast Defendants request the following relief:

1. That Plaintiffs recover nothing by their Complaint, and that the First Amended Complaint be dismissed with prejudice;

2. That Defendants be awarded all costs, fees, expenses and disbursements that they have incurred and will incur in the defense of this suit; and

3. For such other and further relief as the Court deems just and proper.

Skating Defendants:

Skating Defendants seek an adjudication of no direct, vicarious, or contributory copyright infringement. Skating Defendants also deny that Plaintiffs have suffered any damage as a result of Skating Defendants.

Skating Defendants request that they be awarded all costs, fees, expenses and disbursements that they have incurred and will incur in the defense of this suit.

**11. SETTLEMENT AND ADR**

The Parties have engaged in settlement discussions through mediation which is on-going to date.

Plaintiffs:

Plaintiffs prefer on-going private mediation.

Defendants:

Defendants will continue to engage in private on-going mediation.

**12. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a magistrate judge.

22400901.1231389-10009

**13. OTHER REFERENCES**

Plaintiffs:

Plaintiffs do not believe that the appointment of a special master is necessary in this matter. Similarly, Plaintiffs do not believe that this case is suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.

Defendants:

Defendants similarly do not believe that the appointment of a special master is necessary in this matter. Further, this case is not suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.

However, Defendants believe a protective order is necessary in this action.

**14. NARROWING OF ISSUES**

Plaintiffs:

Plaintiffs are unaware of any current means to narrow the issues. However, Plaintiffs believe that such means may present themselves from further development of the factual record.

Broadcast Defendants:

Broadcast Defendants do not at this point believe the issues relevant to this litigation can be narrowed. However, summary judgment may be appropriate on issues relating to the scope of damages.

Skating Defendants:

Skating Defendants are unaware of any means to narrow the issues at this time.

**15. EXPEDITED TRIAL PROCEDURE**

The parties do not believe this is the type of case that can be handled under the expedited trial procedure.

## 16. SCHEDULING

| ITEM | PLAINTIFFS REQUEST | BROADCAST DEFENDANTS' REQUEST | SKATING DEFENDANTS' REQUEST |
|---|---|---|---|
| Initial Disclosures | 14 days after issuance of the Scheduling Order | 14 days after issuance of the Scheduling Order | 14 days after issuance of the Scheduling Order |
| Amended Pleadings and Addition of Parties Cut-Off | 90 days after the issuance of the Scheduling Order | 90 days after the issuance of the Scheduling Order | 90 days after the issuance of the Scheduling Order |
| Last Day to Disclose Experts and Serve Initial Expert Reports | 12/01/2022 | 04/07/2023 | 3/24/2023 |
| Last Day to Serve Rebuttal Expert Reports | 12/22/2022 | 05/05/2023 | 4/21/2023 |
| Fact Discovery Cutoff | 11/18/2022 | 03/17/2023 | 2/24/2023 |
| Expert Discovery Cutoff | 01/13/2023 | 06/16/2023 | 5/5/2023 |
| Deadline to File Dispositive Motions | 02/06/2023 | 06/29/2023 | 5/19/2023 |
| Motions in Limine Filing Deadline | 03/20/2023 | 08/22/2023 | 8/25/2023 |
| Oppositions to Motion in Limine Filing Deadline | 03/27/2023 | 08/29/2023 | 9/1/2023 |
| Pretrial Conference | 04/10/2023 | 09/12/2023 | 9/15/2023 |
| Trial | 05/23/2023 | 10/03/2023 | 10/3/2023 |

Pursuant to the Court's requirement that it rationalize its choice of discovery cut-off, the Broadcast Defendants assert that the discovery cut-off it proposes is in line with the trial date and provides all parties with adequate time to obtain all facts necessary to proceed in this litigation and provides the Court with further efficiencies in giving the Court enough time to consider any relevant motions.

**17. TRIAL**

Plaintiffs:

Plaintiffs request a 5-7 day jury trial.

Broadcast Defendants:

Defendants request a 4-5 day jury trial.

Skating Defendants:

Skating Defendants request a 5-7 day jury trial.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs:

Plaintiffs filed their Notice of Interested Parties on February 17, 2022 under Docket No. 4. As stated therein, Plaintiffs certify that Plaintiff Twelve Sixty LLC is a California limited liability company solely owned by Robert J. Marderosian and Plaintiff Aron M. Marderosian and that there are no other disclosures to make pursuant to Civil L.R. 7.1-1. No such interest is known other than that of the named parties to the action.

Broadcast Defendants:

Pursuant to Local Rule 7.1-1, the Broadcast Defendants filed a Corporate Disclosure and Certification of Interested Parties [dkt. 24] which identified that the Broadcast Defendants are ultimately owned by Comcast Corporation which is a publicly owned company.

Skating Defendants:

Skating Defendants will file their Notice of Interested Parties.

**19. PROFESSIONAL CONDUCT**

The parties' attorneys of record have reviewed L.R. 83-3.1.2 of the Standards of Professional Conduct for the Central District of California.

**20. OTHER**

Plaintiffs:

Plaintiffs are unaware of any remaining matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Defendants:

As requested above, Defendants request that the protective order be issued in this action.

**21. COMPLEX CASES**

The parties do not believe that this case requires the Manual for Complex Litigation.

**22. ADDITIONAL PARTIES**

Plaintiffs:

At this time, Plaintiffs do not believe that any additional parties will appear. Defendants are not aware at this time of any additional parties.

                                                **Respectfully submitted,**

Dated: July 1, 2022                          MARDEROSIAN & COHEN

                                               */s/ Michael G. Marderosian*
By:_____
                                                Michael G. Marderosian,
                                                Attorney for Plaintiffs

| | |
|---|---|
| Dated: July 1, 2022 | LOEB & LOEB LLP |
| | |
| | */s/ David Grossman* |
| | By:_____ |
| | David Grossman, |
| | Attorney for Defendants |
| | COMCAST CORPORATION, |
| | NBC UNIVERSAL MEDIA LLC, |
| | PEACOCK and USA NETWORK |
| | |
| Dated: July 1, 2022 | GORDON REES SCULLY M ANSUKHANI |
| | |
| | */s/ Sean D. Flaherty* |
| | By:_____ |
| | Sean D. Flaherty |
| | Hannah E. Brown, |
| | Attorneys for Defendants |
| | U.S. FIGURE SKATING, |
| | ALEXA KNIERIM, and |
| | BRANDON FRAZIER |

17